# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3405

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa. |
| Michael Ray Smith, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: April 13, 2010
Filed: April 22, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael Ray Smith appeals the 24-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court did not properly consider the 18 U.S.C. § 3553(a) factors and that the sentence was unreasonable.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We hold that the district court did not abuse its discretion or impose an unreasonable sentence.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate court reviews for abuse of discretion, first ensuring that the district court committed no significant procedural error, and then considering the substantive reasonableness of the sentence).  We find no indication that the court overlooked or misapplied any relevant section 3553(a) factor, or gave significant weight to an improper or irrelevant factor.  See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (sentence was not unreasonable where the record reflected that the district court made an individualized assessment based on the facts presented and specifically addressed the defendant's proffered information in its consideration of the sentencing factors), cert. denied, 559 U.S. ---, 130 S. Ct. 1309 (2010).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____